IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAssAhusetts
_____DIVISION

Lonnie Benefield,
            Petitioner,

v.                                                  No. 90-10007-C

UNITED STATES OF AMERICA,
                Respondent.

MOTION FOR THE APPOINTMENT OF COUNSEL TO COMPLY WITH THE
THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Lonnie Benefield, the Petitioner herein named appearing pro-se, hereby motions this court to appoint counsel under the provisions of Title 18 U.S.C. §3006 and in support thereof states as follows:

(A)   The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel for his defense." See Gideon v. Wainwright, 372 U.S. 335 (1963). The Court in Powell v. Alabama, 287 U.S. 45, 60, 64-65, at 68-69, said:

> "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law."

See also Johnson v. Zerbst, 304 U.S. 458, 462-463:

> "The Sixth Amendment embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is represented by experienced and learned counsel. That which is simple, orderly and necessary to the lawyer, to the untrained layman may appear intricate, complex and mysterious."

Subsequent to these decisions the Court, in the case of <u>Gilbert v. California</u> 388 U.S. 263 (1967) that a defendant is entitled to the assistance of counsel at **any critical stage of the proceeding,** any time when the absence of counsel "might derogate from the right to a fair trial."

Although the Court has fully established the right to counsel as applied to the trial context, through the expansion of the right to counsel, to include sentencing (<u>Mempa v. Rhay</u>, 389 U.S.128) and at appeal (<u>Douglas v. California</u>, 372 U.S. 353 (1963) there is clear indication that counsel is required "<u>at any critical stage of the proceeding.</u>" <u>Gilbert</u> <u>supra.</u>

In 1942 the Supreme Court acknowledged that habeas corpus relief extends to "those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights." <u>Waley v. Johnston</u>, 316 U.S. 101, 105, 62 S.Ct. 964,966, 86 L.Ed.1302 (1942). In 1948 §2255 was enacted with the remedies being "exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." <u>Hill v United States</u>, 368 U.S. 424. 427-428, 82 S.Ct. 468, 7 L.Ed2d 417 (1962); <u>Taylor v. United States</u>, 229 F 2d 826, 832 (8th.Cir.)(A §2255 motion is available only upon grounds that would warrant the granting of a writ of habeas corpus.) The purpose of the enactment of the §2255 was never, by any means, designed to be a substitute for the writ of habeas corpus as guaranteed by the Constitution of the United States. The purpose was to eliminate procedural abuses, harassment, and unseemly delays in the processing of habeas corpus actions, (see <u>Parker, Limiting the Abuse of Habeas Corpus</u>, 8 F.R.D. 171, 178 (1948) and to facilitate the availability of records and witnesses of the sentencing court. <u>Hill</u> <u>supra.</u>

2

As a results of the implementation of §2255, the Courts have instructed that the "writ of habeas corpus" under §2255 is not available to a prisoner unless "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C.§2255 ¶5; Triestman v. United States, 124 F 3d 361, 373 (2nd.Cir.1997). However, the application for relief under §2255 is a continuation of the criminal process whereas a petition for habeas corpus relief under Art.I, §9 seeks relief as a civil remedy for a claim of unconstitutional incarceration. As part of the continuing criminal case, the AEDPA has established a "critical stage" of the proceeding requiring the guiding hand of counsel. Indeed, the courts have held that the AEDPA does not violate the Suspension Clause (Art.I, §9) unless it "renders the habeas remedy inadequate or ineffective to test the legality of detention." Miller v. Marr, 141 F3d 967, 977 (10th.Cir.1998)(quoting Swain v. Pressley, 430 U.S. 372, 51 L.Ed.2d 411 (1977). Requiring an unskilled and oftentime uneducated prison to perform the magical task of learning, in one year, what it takes a trained attorney several years to accomplish, renders the §2255 inadequate and ineffective and violates due process, equal protection of law, a fair and impartial adjudication of those issues which may have merit, and submits him to cruel and unusual punishment; all in violation of the United States Constitution.

In addition, some courts have held that the failure to raise an issue on appeal or in a previous §2255 motion could foreclose further review by the courts (Tolliver v Dobre, 211 F3d 876,878 (5th.Cir.2000); Moore v. Reno, 185 F3d 1054,1055 (9th.Cir. 1999); Caravalho V. Pugh, 177 F3d 1177,1179 (10th.Cir.1999); In re Vial, 115 F3d 1192,1194 n.5 (4th.Cir.1997), placing further emphasis on the need for counsel as part of the continued criminal process since a failure to raise an issue on direct appeal can only be determined by trained counsel and the finality of an opportunity to seek review is almost certain.