In The
United States District Court
For The District Of Massachusetts

Lonnie Benefield,
    Defendant/Petitioner,

vs.

United States Of America,
    Plaintiff/Respondent(s).

Crim. Action No. 90-10007-C

Motion To Reduce Sentence
Pursuant To 18 U.S.C. § 3582(c)(2)

Now Comes The Defendant, Lonnie Benefield (hereinafter referred to as "Defendant"), and acting Pro-Se, comes before this Honorable Court seeking the reduction of his sentence pursuant to 18 18 U.S.C. § 3582, and based on the recent United States Supreme Court decisions in Blakely v. Washington, 124 S.Ct. 2531, 159 L.Ed.2d 403(2004);

(1)

U.S. v. Booker, No. 04-104; Fan Fan, No. 04-105 (2005); and reduce his sentence from 20 years to 15 years. The Supreme Court has expressly stated that the Federal Sentencing Guidelines is unconstitutional, and Defendant's Constitutional rights is being deprived in the reasoning in Booker, supra.

As such, the Defendant states that this action does have merit. Having recently discovered that the Federal Sentencing Guidelines was unconstitutional in the reasoning in Booker, supra, Defendant is left with no other alternative than to seek relief from the violations described herein, which he in good faith believes represent a level of constitutional infirmity that authorizes this Honorable Court to accept this action for review.

The custody of the United States Marshall.

On or about October 23, 1990, the defendant filed a timely notice of appeal.

On or about November 28, 1990, the Court issued an amended judgment ordering of defendant's sentence be served from and after the completion of the state court sentence.

On or about August 15, 1991, the United States Court of Appeals for the First Circuit, vacated the consecutive sentence, and remand for instatement of a concurrent Federal sentence which reflects credit for time served. (See: Benefied v. United States, 942 F.2d 60, 66 (1st Cir. 1991)).

## ARGUMENT IN SUPPORT:

In Blakely, supra, the Supreme Court reaffirmed that "any fact that increases the

(6)

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. 124 S.Ct. at 2536, quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

The "statutory maximum" is not defined by the maximum penalty that may be imposed based on aggravating facts or factors. "(T)he statutory maximum ... is the maximum sentence that a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."

A sentence exceeds the statutory maximum if it must be based on "additional findings" by the court. Blakely, supra, 124 S.Ct. at 2537 (emphasis in original).

In the case at bar, Defendant contends that the Presentence Report (PSR) calculated the defendant's guidelines for the offense as level 21, Category LI. On the Sentencing Table this worked out to 77-96 months. However, the defendant was sentenced under

(7)

18 U.S.C. Section 924(e) which requires a minimum sentence of 15 years (180) months. The PSR also found that the defendant should have been sentence ~~sentenced the defendant~~ to 15 years. The Government requested an upward departure and the Court honored that request by the Government.

The sentencing judge made no mention of a upward departure or the reasons for it. Nor had the defendant been tried by the Court for a robbery that was not submitted to the jury and proven beyond a reasonable doubt. The Defendant was sentenced under the guideline applicable to robbery (U.S.S.G. §2B3.1) rather than the sentencing guideline for a violation of 18 U.S.C. §922(g), which is U.S.S.G. §2K2.1 which provides a base offense level of 9, rather than a base offense level of 18 plus and additional 3 points pursuant to U.S.S.G. §2B3.1(b)(2)(C), if a firearm was brandished, displayed, or possessed.

(8)

The defendant further asserts that by the sentencing court departing from the sentencing guideline of 77-96 months, and departing upward and accepting the Guideline Provisions of 180 months. The 180 months should have been the sentenced pursuant to U.S.S.G. § 5G1.1(b). This amounted to a mandated sentence of 180 months because 5G1.1(b) says that it "shall" be the sentence. In these types of situations, the defendant claims, the court is forbidden to take an upward departure because, it could be said, the application of the statutory minimum automatically contains an upward departure. The language of the statute (5G1.1) is plain on its face: the minimum sentence of the mandatory statute shall be the sentence (180 months should have been the sentence). Not

(9)

the maximum, not five years over the minimum, not one day over the minimum — the minimum, period.

Defendant never admitted to robbery under the guidelines pursuant to U.S.S.G. § 2B3.1, 2B3.1(b)(2)(c); nor to and additional 2 points since the defendant committed the instant offense less than 2 years after his release from imprisonment; (See: PSI at pgs. 5, 10)); Sections 22, 23, 24, 50, 52, 53 hereto this motion as Exhibit "A"), and no jury proven beyond an reasonable doubt this conduct.

Under these circumstances, the Court may only apply the Sentencing Guideline for 120 months. Defendant's offense level cannot be enhanced based on an unproven allegation. Id.

In conclusion, Defendant respectfully respects that this Court grant his motion

(10)

Offense Level Computation

(22) **Base Offense Level:** According to Appendix A of the United States Sentencing Guidelines, the applicable guideline for a violation of 18 U.S.C. § 922(g) is U.S.S.G. § 2K2.1 which provides a base offense level of 9. However, subsection (c) to §2K2.1 contains a cross reference as follows: "If the defendant used the firearm in committing or attempting another offense, apply the guideline in respect to such other offense...if the resulting offense level is higher than that determined above."

(23) U.S.S.G. §2B3.1 is the guideline applicable to robbery and provides for a base offense level of 18.                                **18**

(24) **Specific Offense Characteristics:** As per U.S.S.G. §2B3.1(b)(2)(C), if a firearm was brandished, displayed, or possessed, 3 levels are added.                                                **+3**

(25) Adjustment for Role in the Offense: None                              **0**

(26) Victim Related Adjustment: None                                       **0**

(27) Adjustment for Obstruction of Justice: None                           **0**

(28) Adjusted Offense Level (subtotal):                                    **21**

(29) Adjustment for Acceptance of Responsibility: None                     **0**

(30) Total Offense Level:........................................**21**

Exhibit "A"

5

A6

Criminal History Computation

(49)  The above convictions result in a total of 21 criminal history points.

(50) Since the defendant committed the instant offense less than 2 years after his release from imprisonment (paroled 1/28/89), and/or while on escape status, 2 criminal history points are added.
                                                                    +2

(51)  23 criminal history points is Criminal History Category VI.

                         TOTAL POINTS  23

                 CRIMINAL HISTORY CATEGORY  VI

A 11

PART C.  SENTENCING OPTIONS

CUSTODY

(52) **Statutory Provisions:** Pursuant to 18 U.S.C. §§922(g) and 924(e)(1), the defendant must be sentenced to a term of imprisonment of not less than 15 years and not more than life.

(53) **Guideline Provisions:** Based on a total offense level of 21 and a Criminal History Category of VI, together with the mandatory minimum penalties, the guideline sentencing range is 180 months. U.S.S.G. §5G1.1(b).

[handwritten: 863 F.2d 595 — The petitioner objected to sentencing options: see the petitioner's Appendix No. #9]

Supervised Release

(54) **Statutory Provisions:** 18 U.S.C. § 3559 classifies the instant offense as a Class A felony.
18 U.S.C. § 3583(b)(1) provides for a term of supervised release of not more than 5 years for persons convicted of Class A felonies.

(55) **Guideline Provisions:** The guideline range for a term of supervised release is three to five years as per §5D3.2(b)(1).

Probation

(56) **Statutory Provisions:** 18 U.S.C. § 3561 prohibits probation for persons convicted of Class A felonies.

(57) **Guideline Provisions:** Probation is not authorized where the minimum term of imprisonment specified in the guideline range is more than six months. In this instance the minimum term is 180 months. U.S.S.G. §5B1.1, App. Note. 2.

A12