UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LONNIE BENEFIELD,            )  | |
|     Petitioner,     ) | |
|                                   ) | |
|    vs.                       )  | Civil Action No. 05-10157-NMG |
|                                   ) | |
| UNITED STATES OF AMERICA,   ) | |
|     Respondent,      ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Now comes the United States through its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby files its opposition to the petitioner's Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). As explained more fully below, the United States contends that the petitioner has misconstrued 18 U.S.C. § 3582(c)(2) and that the statute is inapplicable to the petitioner's situation. The United States further contends that the petitioner's motion should not be construed as a motion pursuant to 28 U.S.C. § 2255. If this Court considers the petitioner's motion as such, the motion should be dismissed as a second or successive motion, because the petitioner has failed to meet the requirements of the statute and obtain a certification of his motion from the Court of Appeals. Lastly, the petitioner's motion should not be treated as a motion under 28 U.S.C. § 2241 because the petitioner has failed to exhaust his

remedies under 28 U.S.C. § 2255.

**ARGUMENT**

The petitioner asks this Court pursuant to 18 U.S.C. § 3582 to reduce his adjudged term of imprisonment from twenty years to fifteen years and rests his motion upon the recent Supreme Court decisions of <u>Blakely v. Washington</u>, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); <u>United States v. Booker</u>, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and <u>United States v. Fanfan</u>, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004).

Pursuant to 18 U.S.C. § 3582(c)(2), a Court may modify an adjudged term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Section 3582(c)(2) further states, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The petitioner cannot seek to have his term of imprisonment reduced pursuant to 18 U.S.C. § 3582(c)(2) because the sentencing range under which he was sentenced has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The effect of the <u>Booker</u> and <u>Fanfan</u> decisions is to make the provisions of the United States Sentencing Guidelines

advisory upon the Court. The decisions in no way mandate lower sentences or lower sentencing ranges under the Sentencing Guidelines.

A Court may reduce an adjudged sentence of imprisonment pursuant to 18 U.S.C. 3582(c)(2) only in situations where the Sentencing Commission has lowered the applicable sentencing range pursuant to 28 U.S.C. § 994(o). This statutory provision mandates that the Sentencing Commission periodically review and revise the Sentencing Guidelines. The statute also requires that the Sentencing Commission consider comments and data brought to its attention by various representatives of the Federal criminal justice system, including from the Federal Public Defenders. The purpose of 28 U.S.C. § 994(o) is to ensure that the Sentencing Guidelines are adaptable to changing societal norms with regard to criminal punishment. If, after considering comments and data presented by various representatives from institutions within the Federal criminal justice system, the Sentencing Commission determines that the interests of justice are best met by modifications to the Sentencing Guidelines, the sentencing Commission pursuant to 18 U.S.C. § 994(p) may submit proposed changes to Congress.

The Sentencing Commission has not deemed it appropriate to modify the sentencing range under which the petitioner was sentenced to twenty years imprisonment. The Court cannot reduce the petitioner's adjudged term of imprisonment pursuant to 18

U.S.C. 3582(c)(2), as the petitioner requests, in the absence of action by the Sentencing Commission to lower the sentencing range under which the petitioner was sentenced.

<u>28 U.S.C. § 2255</u>

Even if the Court construed the petitioner's motion as a motion pursuant to 28 U.S.C. § 2255, the petitioner would not be entitled to the remedy he seeks because the statute of limitations for the filing a § 2255 motion has run and this would represent a second or successive such motion.  Second or successive § 2255 motions may be filed only after the motion has been certified by a panel of the Court of Appeals.

A defendant in Federal custody ordinarily must file a motion for his release pursuant to 28 U.S.C. § 2254 within one year from the date on which the judgment of conviction becomes final.  The period of time in which to file a § 2254 motion is enlarged in certain circumstances.  A defendant may file a § 2255 motion within one year of the removal of a government impediment to filing such a motion, if the government impediment kept the defendant from filing the motion previously.  <u>See</u> 28 U.S.C. § 2254, paragraph 6(2).  A defendant may also file a § 2255 motion within one year of the Supreme Court newly recognizing a right which it made "retroactively applicable to cases on collateral review."  <u>See</u> 28 U.S.C. § 2255, paragraph 6(3).  Lastly, a defendant may file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence."  See 28 U.S.C. § 2255, paragraph 6(4).

The Court of Appeals affirmed the petitioner's conviction on December 17, 1997.  The petitioner had one year from the date on which the judgment of his conviction became final to file a motion under 28 U.S.C. § 2255.  The petitioner's instant motion was not filed within the one year period required by § 2255.  None of the circumstances that extend the filing period apply to the petitioner.  The United States never impeded the petitioner's ability to file a motion; the petitioner's claim is not predicated on newly discovered facts; and the Supreme Court's Booker and Fanfan decisions do not articulate or recognize a new right.

If the Court finds that the petitioner's motion is not time barred, it should dismiss the petitioner's motion because it is a second or successive § 2255 motion filed without having been certified by a panel of the Court of Appeals.[1]  In order to file a second or successive § 2255 motion, a petitioner must first have a panel of the Court of Appeals certify that the motion contains "newly discovered evidence... sufficient to establish... that no reasonable factfinder would have found movant guilty... [or] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  See 28 U.S.C. §

---

[1] The petitioner filed a § 2255 motion on January 27, 1995.  The Court (Keeton, J.) dismissed the motion on July 25, 1995.  See docket entries nos. 1, 18, 19.

2255, paragraph 8 (1) & (2). The petitioner does not allege the discovery of new factual information and it is well-settled that Booker and Fanfan are not to be applied retroactively. See Cirrilo-Munoz v. United States, 2005 WL 858324 (1st Cir.(Puerto Rico)).

In its Order, the Court instructed the United States to comment on whether the petitioner's motion should be construed as "a motion under §2241 because §2255 is an inadequate remedy." The United States contends that the petitioner's motion should not be construed as a § 2241 motion and that § 2255 in not an inadequate remedy. The fact that the petitioner fails to meet the reasonable requirements of § 2255 does not render the § 2255 inadequate as a matter of law. Additionally, the petitioner has failed to properly utilize § 2255. The petitioner has not sought certification of his motion from a panel of the Court of Appeals. If the Court of Appeals certified the petitioner's motion, he would be able to argue the merits of his position through the § 2255 motion. Additionally, the Court should not grant any relief to the petitioner because he has failed to state any valid ground on which he could be released from imprisonment. The defendant's argument that his sentence was unconstitutional and that Booker and Fanfan permit or compel the Court to re-evaluate his sentence is specious. The defendant's case is closed and Booker and Fanfan are not to be applied retroactively.

**CONCLUSION**

The United States respectfully asks this Honorable Court to deny the petitioner's motion for the reasons stated above.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

               By: */s/ David G. Tobin*
                    DAVID G. TOBIN
                    Assistant U.S. Attorney

May 5, 2005


**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Lonnie Benefield (pro se)
        United States Penitentiary
        P.O. Box 26030
        Beaumont, TX  77720-6030

This 5th day of May, 2005.

                        /s/ David G. Tobin
                        DAVID G. TOBIN
                        Assistant United States Attorney