IN THE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LONNIE BENEFIELD, | ) | |
| PETITIONER, | ) | |
| vs. | ) | CIVIL ACTION NO. 05-10157- NMG |
| UNITED STATES OF AMERICA, | ) | ( In Re: CR 90- 10007-C ) |
| RESPONDENT. | ) | |
|  | ) | |

PETITIONER'S REPLY TO THE GOVERNMENT'S

OPPOSITION TO PETITIONER'S MOTION TO

REDUCE SENTENCE PURSUANT TO

18 U.S.C. § 3582 (c)(2)

COMES NOW, the Petitioner Lonnie Benefield (hereinafter referred to as "Petitioner"), acting pro-se, in the above - numbered and captioned cause, and does submit to this Honorable Court his REPLY to the response submitted by the government which opposed his motion to reduce sentence under 18 U.S.C. § 3582 (c)(2).

After a review of the government's response the petitioner is forced to contend that it contained all form and very little substance. It is apparent that the goverrment is attempting to overwhelm the court with a litany of statute citations designed to abscure the fact it could not otherwise present any plausible

(1)

argument which in any way controverts the petitioner's position that the petitioner has misconstrued Title 18, U. S.C. § 3582 (c)(2) and that the statute is inapplicable to the petitioner's situation. The government further contends that the petitioner's motion should not be construce as a motion to Title 28, U.S.C. § 2255, and if this Honorable Court should consider the petitoner's motion as such, the motion should be dismissed as a second or successive motion, because the petitioner has failed to meet the requirement of the statute and obtain a certification of his motion from the Court of Appeals for the First Circuit, and lastly, the petitioner's motion should not be treated as a motion under Title 28, U.S.C. § 2241 because the petitioner has failed to exhaust his remedies under 28 U.S.C. § 2255.

The petitioner states that this action is being taken in accordance with Rules 5 and 12(b), of the Federal Rules of Civil Procedure, and is being lawfully and timely filed.

## GENARAL OBJECTION

As a general matter, the government's motion in opposition was premised upon a contention that petitioner cannot seek to have his term of imprisonment reduced pursuant to 18 U.S.C. § 3582(c)(2) because the sentencing range under which he was sentenced has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)".

The government is incorrect of their analysis to 18 U.S.C. § 3582 (c)(2).

Petitioner asserts that Section 3582 (c)(2) gives the district court the discretion to reduce a sentence a guideline range

(2)

has been subsequently lowered by the Sentencing Commission. Since Booker, supra, has struck down the "mandatory application" of the Guidelines, all the guideline range have been "subsequently lowered" by virtue of the BOOKER decision. Section 3553(b)'s requirement that the judge only consider "the sentencing guideline, policy statement, and official commentary of the Sentencing Commission" was eliminated by Booker .

Petitioner further asserts that, Section 3582(c)(2) allows petitioner to request a reduction on his sentence on the ground that Booker lowered petitioner's guideline range by allowing the judge the discretion to impose a lower sentence without regard to the "now advisory" guideline range. The government's opposition to petitioner's motion pursuant to 18 U.S.C. § 3582 (c)(2) is both irrelevant and without merit in either law or fact as such would apply to this instant matter.

Though riddled with perfunctory statute citations, the government's sparse seven page motion is far more form than substance and, in actuality, is nothing more than an attempt by the government to elude it's obligation of providing a proper response to the claims submitted by the petitioner in support of his quest for relief, all of which are totally supported by both the facts and record of this case, as well as applicable law and procedure.

### SPECIFIC OBJECTIONS

Specifically, the government, in it's motion in opposition, contends that "if the court construced the petitioner's motion as

(3)

a motion pursuant to 28 U.S.C. § 2255, the petitioner would not be entitled to the remedy he seeks because the statute of limitation for the filing of a §2255 motion has run and this would represent a second or successive such motion." The petitioner will now address each of the government's contentions, in turn.

    1). <u>Applicability of AEDPA To Petitioner's Collateral Action</u>:

    Without belaboring this issue, a review of the petitioner's motion for reduction of sentencing, and the reasoning in <u>Booker</u> reveals that the government is incorrect in trying to mislead the Court that petitioner's (if the Court should construced the petitoner's motion as a motion pursuant to 28 U.S.C. § 2255, that petitioner must seek permissionfrom the Court of Appeals for the First Circuit for a Second or Successive § 2255 motion). As correctly stated by the government, the AEDPA provides for one of four specific situations under which an individual may seek collateral relief within a one(1) year period. Naturally, the date of the petitioner's submission of his collateral action was well within the one year limitation subsequent to the date that his criminal action became final . However, it was not this date which the government alleged controlled petitioner's ability to submitt this action. If this Honorable Court should consider petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) as a § 2255, the petitioner contends that his ability to submit his Section 2255 action was governed by Subsection (3) and (4) of the AEDPA. Subsection (3) provides for an individual the ability to submit a request for collateral relief one year from the date in which a right asserted in his action was recognized

(4)

by the Supreme Court as a new right that was made retroactively applicable to cases on collateralreview. Subsection (4) allows an individual to submit a claim for collateral relief one year from the date in which facts supporting an otherwise untimely claim could have been discovered through the exercise of due diligence.

As will be more concisely addressed below, the petitioner clearly stated that if and when this Honorable Court decide to construct petitioner's §3582(c)(2) as a Section 2255 action that while his request for collateral review was clearly well past the one year limitation sebsequent to the final disposition of his case, he was nevertheless well within the one year limitation with respect to the enactment of new law or legal precedent by the Supreme Court which was, for all intents and purposes, retroactively applicable to his case, as well as one year from the discovery of new evidence which demonstrates not only Petitioner's actual innocence, but also the clear absence of the court's subject-matter jurisdiction which was previously unknown to him and only uncovered after his due diligence.

In it's motion in opposition to Petitioner's motion to reduce sentence, the government fails to properly respond to the petitioner's basis authority with respect to § 3582(c)(2), and instead elects to simply states that the petitioner would not be entitled to the remedy he seeks because the statute of limitation for the filing a § 2255 motion has run and this would represent a second or successive motion.

(5)

The petitioner states that this contention the goverment does not go far enough to provide an adequate basis of justification for denying petitioner's motion to reduce sentence pursuant 18 U.S.C. § 3582(c)(2) action purely on the basis of the date of final disposition of his criminal case. In fact, as the government's response/contention is so completely bereft of any reasonable discussion with respect to the petitioner's claims of authority under 18 U.S.C. § 3582 (c)(2), the petitioner is compelled to contend that this claim by the government with respect to it's motion in opposition fails to adequately provide any justification or support and must be disregarded by this Court.

2). Petitioner's Claims Under Blakely, Booker, And Fanfan Are Not Time Barred:

The government's motion in opposition to the claims that the petitioner's request for relief pursuant to the Supreme Court's decisions in Blakely, supra , Booker, supra and Fanfan, supra, should all be time barred pursuant to Subjection (3) of the AEDPA. The petitioner disgree's with this contention by the government for the following reasons:

a). This request is entirely consistent with Congress' clearly stated intent in drafting and enacting the statute, 18 U.S.C. § 3582(c)(2), Modification of an imposed term of imprisonment, which reads in relevant part, "in the case of a defendant who has been sentenced to a term of imprisonment based on a Sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant - - - the court may reduce the term of imprisonment - - - if such a

(6)

reduction is consistent with applicable policy statement issued by the Sentencing Commission."

This request for a reduction of sentence is entirely consistent with this [ and a host of other federal ] circuit's assessment that misapplication of the sentencing guidelines [ as occurred here ] is not a fundamental defect subject to section 2255 review. See:

> Nichols v. U.S., 75 F. 3d 1137, 1145 (7th Cir. 1999);
> Knight v. U.S., 37 F.ed 769, 772 (1st Cir. 1994);
> U.S. v. Mikalajunas, 186 F.ed 490, 496 (4th Cir. 1999);
> Burke v. U.S., 152 F.3d 1329, 1332 (11th Cir. 1998).

Accordingly, a section 3582 (c) (2) petition is the only remedy mechanism available to the petitioner to challenge, as clearly occurred here, a misapplication of the correct version of the Guidelines Manual, a misapplication of the properly applicable guideline section to the charged offense of conviction and sentence, and for the presentation of the courts for relief consideration .

b). The Presentence Report (PSR) calculated the petitioner's guidelines for the offense as level 21, Category VI. On the Sentencing Table this worked out to 77-96 months. However, the petitioner was sentence under 18 U.S.C. § 924(e) which requires a minimum sentence of 15 years (180 months). The petitioner's guideline range in effect on or about October 23, 1990 was 77-96 months. However, the Sentencing Guidelines at Section 5G1.1(b) states that "Where a ststutoryily required minimum sentence is

greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

This means that the 77-96 months range did not apply to petitioner but had to be replace with the statutorily required minimum sentence of 180 months. This amounted to a mandated sentence of 180 months, because 5G1.1(b) says that it "SHALL" be the sentence (180 months). In these types of situations, the petitioner claims, the court is forbidden to take an upward departure because, it could be said, the application of the statutory minimum automatically contains an upward departure. The language of the Guideline Section (5G1.1) is plain on its face: the minimum sentence of the mandatory statute SHALL be the sentence. Not the maximum, not five years over the minimum, not one day over the minimum - - the minimum , period. After the sentencing court erroneously and illegally took an upward departure it then committed a second error; it failed to state the reasons for the departure.

Title 18 U.S.C. § 3553 (c) states in part:

> "The Court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and,
> (2) is not the kind, or is outside the range, described in subjection (a)(4), the spicific reason for the imposition of a sentence different from that described.

(8)

As the record will show that the sentencing court only stated why it wouldn't depart downward. It gave no reasons for the upward departure. This violated the cited statute. <u>Also See:United States v. Granderson</u>, 114 S.Ct. 1259, 127 L. Ed. 2d 611 (1994).

Finally, petitioner asserts that by invoking Section 3582(c)(2), Petitioner should avoid the retroactivity "trap" laid in <u>Schriro v. Summerlin</u>, <u>supra</u>. Section 3582 (c)(2) clearly does not trigger the habeas provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") or <u>Schriro v. Summerlin's</u> retroactivity trap.

## CONCLUSION

WHEREFORE, it is the prayerful and respectfully request of the petitioner that this Honorable Court reject the government's opposition submitted by the government in this case on or about May 5, 2005 and Grant and/or otherwise <u>ORDER</u> that a evidentiary hearing be held in this matter, and that the petitioner should receive a reduce sentence of (180 months), as well as any and all other relief that this Honorable Court deems in its wisdom just and proper.

Dated: <u>May 10, 2005</u>

Respectfully submitted,

*Lonnie Benefield*
LONNIE BENEFIELD, PRO-SE
REG. NO. 17658-038
UNITED STATES PENITENTIARY
P.O. BOX 26030
BEAUMONT, TEXAS 77720-6030

## CERTIFICATE OF SERVICE

I, hereby certify that one (1) true photocopy of the foregoing action was on this **11th day of May, 2005,** mailed to the following by certified mail receipt no **7004 2510 0004 2934 4908;**

Clerk Of The Court
United States District Court
Office Of The Clerk
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

And By Regular Mail To:

United States Attorney's Office
John J. Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Respectfully Submitted:

*Lonnie Benefield*
Lonnie Benefield
Reg. No. 17658-038
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720-6030

Petitioner In Pro-Se.

(10)