United States District Court
District of Massachusetts

```
_____
                               )
LONNIE BENEFIELD,              )
                               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    05-10157-NMG
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On July 24, 1990, petitioner Lonnie Benefield ("Benefield") was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). When he was sentenced on October 23, 1990, the United States Sentencing Guidelines provided for a sentencing range of 77-96 months, before any consideration of the armed career criminal statutory provisions. Because Benefield had three prior convictions involving violent felonies, however, he was sentenced under 18 U.S.C. § 924(e) as an armed career criminal, which required a mandatory minimum sentence of 15 years.[1] Benefield was ultimately sentenced to 240 months in prison, 60 months more than the statutory minimum.

---

[1] The armed career criminal sentencing enhancement, U.S.S.G. § 4B1.4, did not become effective until November, 1990. As such, petitioner's total offense level under the Guidelines was not enhanced but the 15-year statutory minimum under 18 U.S.C. § 924(e) was controlling nevertheless.

Petitioner now moves this Court to appoint counsel, to reduce his sentence by five years and to enter judgment on the pleadings.

### I. **Petitioner's Motion for Appointed Counsel**

In support of his motion to appoint counsel on his behalf, petitioner argues that because his claims involve several complex legal matters, especially the intricacies of sentencing, counsel is necessary in order to research and assert his arguments effectively. There is, however, no constitutional right for non-capital indigent defendants to have counsel appointed to assist in habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions ... and we decline to so hold today").

Instead, petitioner has a statutory right to appointed counsel during post-conviction proceedings only where justice so requires. 18 U.S.C. § 3006A(a)(2)(B). The First Circuit Court of Appeals has held that appointed counsel for indigent petitioners is seldom warranted in post-conviction proceedings, United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993), and that such an appointment should be made where the claim is colorable, based on complex facts and legal intricacies and where the petitioner's incarceration limited his ability to investigate

on his own.  See United States v. Gonzalez-Vazquez, 219 F.3d 37, 42 (1st Cir. 2000); Mala, 7 F.3d at 1063-64.

In the instant case, petitioner has failed to demonstrate that justice requires this Court to appoint counsel on his behalf.  As explained below, there is no merit to petitioner's claim for a reduction in sentence or, in the alternative, for habeas corpus relief.

## II. **Petitioner's Motion for a Reduction in Sentence**

Petitioner bases his motion for a reduction in his sentence on four factors: 1) 18 U.S.C. § 3582(c)(2), 2) Blakely v. Washington, 542 U.S. 296 (2004), 3) United States v. Booker, 543 U.S. 220 (2005) and 4) two alleged errors made by the sentencing judge.  Petitioner also requests that this Court grant him an evidentiary hearing, but this Court finds neither motion persuasive.

To begin, 18 U.S.C. § 3582(c)(2) provides that a court can reduce the period of incarceration if the original sentence was based on sentencing recommendations that were subsequently amended by the United States Sentencing Commission.  As the government correctly notes, a comparison of the 1990 and 2005 Sentencing Guidelines reveals no such amendments relevant to the

offense in question.² Petitioner's claim under § 3582(c) is, therefore, without merit.

Moreover, the recent Supreme Court decisions of <u>Blakely</u> and <u>Booker</u> do not support petitioner's claim pursuant to § 3582. In <u>Blakely</u>, the Supreme Court held that any factor that causes the judge to impose a sentence above the Guideline range must have been found by the jury beyond a reasonable doubt or admitted to in open court by the defendant. 524 U.S. at 303-04. The Supreme Court's decision in <u>Booker</u> held that 1) <u>Blakely</u> applied to the United States Sentencing Guidelines and 2) those Guidelines are advisory only. 543 U.S. at 226-27. Neither opinion reduced the recommended period of incarceration for specific crimes and, therefore, neither holding assists petitioner in his § 3582 claim.

Petitioner further argues that the sentencing court made two errors in determining his sentence. First, he contends that where the statutory mandatory minimum sentence is greater than the high end of the applicable Guideline range, the statutorily required minimum sentence is the Guideline sentence. U.S.S.G. § 5G1.1(b). In this case, because the mandatory minimum was 180

---

²In fact, under U.S.S.G. § 4B1.4, which became effective in November, 1990, shortly after the petitioner was sentenced, the petitioner's total offense level would have been increased to 33, which, at criminal history category VI, would have yielded a sentencing range of 235 to 293 months. Under the amended guidelines, therefore, the sentence imposed would not have constituted an upward departure.

months and the Guideline range was only 77-96 months, petitioner argues that his sentence should have been only 180 months. Second, petitioner suggests that the Court compounded that first mistake by its failure to state in open court, pursuant to 18 U.S.C. § 3553(c), the reasons for the upward departure.  Neither claim is availing.

First, even pre-<u>Booker</u> when the Guidelines were mandatory they nonetheless allowed for an upward departure in sentencing. The Commentary immediately following U.S.S.G. § 5G1.1 states that if the Guideline range is below the statutory mandatory minimum, any sentence above that mandatory minimum would be a Guideline departure.  U.S.S.G. § 5G1.1 cmt. (1990).  Likewise, U.S.S.G. § 5K2.0 states that "[t]he controlling decision as to whether and to what extent departure is warranted can only be made by the courts."  Moreover, 18 U.S.C. § 3553(b) provides that the Guidelines are to be binding "unless the court finds ... circumstances of a kind or a to a degree ... that should result in a sentence different from that described."  As the above-referenced guideline sections and statute make clear, the sentencing court was well within its authority to depart upward with respect to petitioner's sentence.

Second, this Court is unable to determine whether the sentencing judge stated in open court 16 years ago his reasons for making an upward departure because the sentencing judge has

since died and the transcript from those proceedings was discarded long ago. Nevertheless, giving Benefield the benefit of the doubt that the sentencing judge failed to state his reasons for an upward departure in open court, the First Circuit Court of Appeals has held that even where a judge does not state the rationale underlying a given sentence, so long as the guideline calculations are correct and the court's reasoning is "express <u>or can be discerned</u>", a reviewing court can affirm the sentence if it is reasonable. <u>United States</u> v. <u>Jimenez-Beltre</u>, 440 F.3d 514, 519 (1st Cir. 2006)(emphasis added). A court's reasoning can be inferred by comparing what was contained in the pre-sentence report with what the judge did. <u>Id.</u> A sentence is reasonable if there is a "plausible explanation and a defensible overall result" and if the sentence adequately accounts for the factors outlined at 18 U.S.C. § 3553(a). <u>United States</u> v. <u>Thurston</u>, 2006 WL 2065404 (1st Cir. 2006).

In the instant case, it is abundantly clear that the sentencing judge's decision to depart upward by a term of five years was based on the petitioner's lengthy criminal history. In his "Memorandum of Sentencing Hearing and Report of Statement of Reasons", the sentencing judge listed "extensive prior criminal record" as the reason for the upward departure. Indeed, by the time of the commission of the predicate offense to this action, the petitioner had three juvenile convictions as well as 23 adult

convictions for crimes such as armed robbery, breaking and entering, escape from prison facilities and murder (reduced to manslaughter). As the Presentence Report indicates, "Mr. Benefield's record proves that his behavior will not be altered by incarceration" but that incarceration will at least "keep society safe from [him]." This Court infers from that information that the petitioner's extensive criminal record provided justification to the sentencing judge for the upward departure.

This Court finds further that the imposed sentence was reasonable. The addition of five years to the guideline minimum was reasonable in light of 1) "the history and characteristics of the defendant", 18 U.S.C. § 3553(a)(1), 2) the need "to promote respect for the law", 18 U.S.C. § 3553(a)(2)(A), and 3) the need "to protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(C).

### III. **Petition for Habeas Corpus**

Even if this Court were to treat petitioner's Motion for a Reduction in Sentence as one for habeas corpus pursuant to 28 U.S.C. § 2255, his claim would still fail. On January 27, 1995, Benefield filed both a petition for habeas corpus and a motion to correct and reduce his sentence. Both motions were denied in a final judgment on July 25, 1995. Thus, if this Court were to

construe petitioner's motion as one for habeas corpus relief it must consider it as a second or successive motion. Pursuant to 28 U.S.C. § 2255, a second or successive motion must be certified by the First Circuit as containing either newly discovered information that establishes innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

Petitioner has failed to obtain the requisite certification from the First Circuit Court of Appeals and, therefore, his petition, even if treated as one for habeas corpus, fails. Furthermore, even if Blakely and Booker were helpful to petitioner's claim, his petition would lack merit because the First Circuit has clearly held that neither Booker nor Blakely have retroactive effect with respect to cases on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005).

### IV. Petitioner's Motion for Judgment on the Pleadings

Because this Court finds no merit in petitioner's claims, his Motion for Judgment on the Pleadings will be denied.

**ORDER**

In accordance with the foregoing, petitioner's Motions to Appoint Counsel (Docket Nos. 1 and 10), to Vacate/Reduce Sentence (Docket No. 2) and for Judgment on the Pleadings (Docket No. 9) are all **DENIED**. Petitioner's request for an evidentiary hearing is **DENIED AS MOOT**. This case (and the petition for habeas corpus) are **DISMISSED**.

**So ordered.**

```
                                        /s/Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge
October 16, 2006
```