In The
United States District Court
For The District Of Massachusetts

FILED
IN CLERKS OFFICE
2006 OCT 26 P 3:53
U.S. DISTRICT COURT
DISTRICT OF MASS.

Lonnie Benefield,
   Defendant/Petitioner,

v.

United States of America,
   Plaintiff/Respondent.

Civil No. 05-10157-NMG

The Honorable Nathaniel M. Gorton
United States District Judge
Presided

## MOTION

By Defendant For Reconsideration Of Order Denying Motion For Reduction Of Sentence, Pursuant To Rule 60(B)(4) and (6), of the Federal Rules of Civil Procedure, and Federal Rules of Criminal Procedure, Rule 52(b) To Address Defects In The Proceedings That Affected The Substantial Constitutional Rights Of The Defendant/Petitioner

   Comes Now, the Defendant Lonnie Benefield (hereinafter referred to as the "Defendant"), acting pro-se, in the above-numbered and captioned cause, and respectfully moves this Honorable Court to reconsider it's order entered on October 16, 2006, denying the defendant's motion pursuant to 18 U.S.C. § 3582(c)(2),

(1)

based upon his discovery of caselaws which demonstrates that the Court's order was both erroneous as well as an abuse of the court's discretionary authority.

### Standard Of Review/Jurisdictional Statement

Jurisdictional Authority for this action is invoked pursuant to the provisions found in Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure, also Rule 52(b) (Fed. R. Crim. P.), as well as any and all other laws, rules, regulation, policies, procedures, and/or legal precedents, (whether or not actually cited in this action), that are now, or were at any time during this matter, in force and effect from which such lawful jurisdictional authority could have been invoked.

This Honorable Court may entertain a jurisdictional question at any stage of the proceedings. (See: Rule 12(b) Fed. Rules. Crim. Proc.) [See also: Stirone v. U.S. at 213, (1960), and Harris v. U.S., 149 F. 3d. 1304, 1308-09, and

<u>Jones v. U.S.</u>, (224 F.3d 1259-60) ["under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any aggravating factors (e.g. penalty enhancements) must be charged in an indictment, submitted to a fact finder (judge/jury) and proven beyond a reasonable doubt."] <u>Jones v. United States</u>, 526 U.S. 227, 243, n.6, 119 S.Ct. 1215, 143 L.Ed. 2d 311 (1999); <u>In re Winship</u>, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970).

<u>The Constitutional Obligation Of The Court Regarding The Jurisdictional Question</u>

Once the court was placed on notice, under any theory, be it procedurally proper or not, the court was obligated to take notice of same at this juncture in continuing proceedings in this case. In the instant matter the defendant relies upon correction of what is now come to be know as APPRENDI JURISDICTIONAL QUESTIONS, pursuant to the United States Supreme Court's decisions in <u>Apprendi</u>, <u>Booker</u>,

(3)

and <u>Blakely</u>, as well as <u>Jones</u>.

In the instant matter the defendant argued that the court has overlook and ignored the true essence of this case when it overlooked the fact that the trial and sentencing court did not have subject matter jurisdiction to enter a conviction or impose a sentence in the criminal matter, as various elements of the offense, and enhancements relied upon by this court were not charged in the indictment.

In support of this argument the defendant respectfully requests this court note the matter of, <u>Milliken v. Meyer</u>, 311 U.S. 457, as it applies to Void Judgments, and <u>Stirone v. United States</u> (361 U.S. at 213).

A Void judgments which includes judgment entered by a court which lacks jurisdiction over the parties or subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court,

(4)

Long v. Shorebank Development, 182 F.3d 548. See also Lubben v. Selective Service System Local Bd No. 27, 453 F.2d 645, 14 ALR Fed 298; As otherwise entered in violation of due process law, must be set aside, Jaffe and Asher v. Van Brunt, F.R.D. 278. Substantive due process refered to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. Rochin v. California, 342 U.S. 165. Blaylock v. Schwinden, 856 F.2d 107, (9Th Cir. 1988).

Judgment is a void judgment if the court that rendered it lacked jurisdiction of subject matter, of parties, or acted in a manner inconsistent with due process; Klugh v. U.S., 620 F.Supp. 892. See also Rule 60(b) Civil Federal Rules, USCA Five. Relief is not a discretionary matter, but is mandatory, Orener v. Shalala, 30 F.3d 1307.

The judgement Order in a Criminal Case, by its Statement of Reasons, proves beyond all doubt, by the preponderance of its own statement, evidence conclusive in nature that the Order causing the defendants imprisonment is issued under violation of the Sixth Amendment jury provisions

⑤

causing a blatant denial of all processes due, Fifth Amendment violation resulting from a Bill of Pains and Penalties based on Article 1 as follows. On January 12, 2005 the Supreme Court unconditionally admitted that the Sixth Amendment is violated when any enhanced sentence is based upon the judges determination of fact other than prior conviction that is found by the jury nor admitted by defendant. This easily understood statement, a clear restatement of basic law stating fundamental principals, a basic truth, that the Sixth Amendment forms a binding interegal section of the substantive law that is to be administered through the Courts of the United States. Further, the High Courts statement confirms the following syllogism:

(1) The Sixth Amendment, through the jury findings due the defendant in a criminal prosecution, is guaranteed by its own self executing mandate which is supported by the Fifth Amendment;

(2) The Sixth Amendment being valid at present by inference states that all other Amendments contained in

the Bill of Rights, as all other delimiting clauses of the Constitution, are valid today as there were in 1791 when executed, as public international law, for positive restraints delimiting government actions;

(3) Any action by the United States past or present, taken by a sentencing court that trespasses upon the Sixth Amendment, denies fundamental fairness in judicial administration, contravening due process, whereby the District Court forfeits its jurisdiction. The High Court in answering the question before it on No. 04-104, 04-105, "Whether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judges determination of a fact other than a prior conviction that was not found by the jury nor admitted by the defendant". Petition for Certiorari; In No. 04-105, 04-104 p. I, in the affirmative admits violation of fundamental law for the whole United States, its agents and instrumentalities.



7

This Court is <u>obligated to correct a jurisdictional error</u> (emphasis added) as the court is one of limited jurisdiction, deriving it's power <u>solely</u> from Article III of the United States Constitution. [See: <u>Harris v. U.S.</u>, 149 F.3d 1304, 1308]

In the event this court denies the requested relief, it would in essence rewrite Rule 60(b)(4), and <u>strike down a line of Supreme Court cases that are over 119 years old</u>. This sua sponte rewriting of Supreme Court precedent, would be rather unique for an ARTICLE III court of limited jurisdiction, which is inferior to the United States Supreme Court in it's authority.

<u>The Instant Motion Pursuant To 18 U.S.C. § 3582(c)(2) Was Not A Successive Petition</u>

The court, in the instant matter, erred in re-characterizing the motion as a successive 2255, based upon the <u>defendant having previously litigated a 2255 in this case</u>. This would be constitutionally infirm error, as the motion called into review a reduction of sentence based upon the sweeping

(8)

changes in the realm of federal sentencing. <u>United States v. Booker</u>, 160 L.Ed. 2d 621, 125 S.Ct. 738 (2005), drawed upon the reasoning in <u>Jones</u>, <u>Apprendi</u>, and <u>Blakely</u>, and clearly under any theory would not qualify as a successive petition pursuant to prevailing laws.

<u>The Motion Was A Request For Review Of A Illegal Sentence Based Upon Lack Of Jurisdiction</u>

This defendant has never attempted any collateral challenge, regarding the "ELEMENT" provision of 18 U.S.C. § 924(e), or the jurisdictional questions presented. The defendant had the right pursuant to <u>Booker</u> (supra) and <u>Bousley v. U.S.</u> (523 U.S. 614) to seek collateral redress based upon the arguments contained in this motion.

The court upon receipt of the "MOTION", is now on notice as to the jurisdictional defect [emphasis added] and must make a ruling in the matter of the sentencing lacking jurisdiction to sentence the defendant above 180 months. And for the

(9)

Court to mention that "the government is correct in it's comparison of the 1990 and 2005 Sentencing Guidelines reveals no such amendments relevant to the offense in question", and that "defendant would have yielded a sentencing range of 235 to 293 months" has created a situation of manifest injustice, in that it clearly shows that it is doubtful that the court ever had jurisdiction to imprison the defendant for 240 months, and to 5 years Supervised Release.

The indictment in the case at bar, Count One (1) simply states "All in violation of Title 18, United States Code, Section 922(g)(1)". There is no mention of the penalty provision of §924(e), which is a requirement as this section provides an "element" of the crime that "must" be charged. The court's judgement as to this case cannot stand as we now know Count (1) of the indictment is wholly illegal and unconstitutional.

There is absolutely no doubt, given the nature of decisions in <u>Apprendi</u>, <u>Booker</u> and <u>Blakely</u> and its developing progeny discussed infra, that this Honorable Court <u>totally</u> lacked any jurisdiction whatsoever over this defendant.

(10)

## Constitutional Provisions Involved

This instant motion seeks to cure a manifest injustice inflicted upon this defendant based on the court erroneously dismissing defendant's motion pursuant to 18 U.S.C. § 3582 (c)(2), wherein the defendant's Fifth Amendment right to Due Process and Sixth Amendment Right to a jury trial as articulated in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), where the sentencing enhanced the defendant's sentence beyond the statutory minimum, have been violated.

## The Reasons Why The Motion To Rule 60(b) Error:

Motions under Rule 60(b)(4) and (6) are not limited as are motions under the other provisions of Rule 60(b). [See: Briley v. Hildago, 981 F.2d 246; and Peralta v. Heights Medical Center, 485 U.S. 80; 108 S.Ct. 896; 99 L.Ed. 2d 75].

As to the meaning of void judgments, professor Moore states it rather succinctly in 7 Moore's Federal Practice, at ss: 60.25 [2]. In order for a case to present a

(11)

valid judgment it must posses Two (2) prerequisities.

[1] That the court have jurisdiction over the subject matter.

[2] That the court have jurisdiction over the parties.

If the court lacks jurisdiction over the parties then the judgment is void. [See: <u>Stoll v. Gottlieb</u>, (305 U.S. 165, 59 S. Ct. 134; 13 L. Ed. 2d 104) and <u>Coalition of Black Leadership</u>, (570 F.2d 12)].

Professor Moore goes on to state that clause Six (6) of Rule 60(b)(6) is a statement of residual power, and permits a motion to be made for any jurisdictional reason justifying relief. (See; 7 Moore's Federal Practice ss: 60.27[2]).

Rule 60(b)(6) is a extraordinary remedy for exceptional circumstances such as those in the instant application, when a party is unable to obtain relief through the usual legal procedures. (See: <u>In re: Zimmerman</u>, 869 F.2d 1126; and <u>Klapprott v. U.S.</u>, 335 U.S. 601; 69 S. Ct. 384; 93 L. Ed. 2d 266).

An order denying relief under Rule 60(b) is a final order and as such is appealable. (See: <u>Hines v. Seaboard Airline R.R. Co.</u>, 341 F.2d 229).

## Relief Sought

WHEREFORE, based on the grounds raised above, the defendant prays that the Court will issue order of void sentence, Order for Immediate Release from Imprisonment with no impairments whatsoever; or in the alternative as this court is now aware of the jurisdiction error issue the Writ of Habeas Corpus to the said Warden at USP-Hazelton, pursuant to statute in such case made and provided, so that the defendant may be forthwith brought before this Honorable Court to do, submit and receive what the law may require, and such other and further relief as to this Honorable Court seems just and proper.

Dated this 20th Day of October, 2006.

Respectfully submitted,
Lonnie Benefield
_____
Lonnie Benefield, Pro-Se
Reg. No. 17658-038
USP-Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

(14)

## PROOF OF SERVICE

I Lonnie Benefield, do hereby certify that I caused to be mailed the original and one copy of the foregoing Motion For Relief From Judgment Pursuant To Rule 60(b)(4) and (6) to the Clerk of the Court, USDC, United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, Mass. 02210, and one copy to David G. Tobin, AUSA, U.S. Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MASS. 02210, after affixed (Pre-Paid) and then depositing same in the prison mail box legal system on the date appearing infra.

Dated this 20TH Day of October, 2006.

By: Lonnie Benefield
    Lonnie Benefield